# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAINBOW LAND & CATTLE
COMPANY, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
FIRST AMERICAN TITLE INSURANCE
COMPANY, A NEBRASKA
CORPORATION; H.H. LAND &
CATTLE COMPANY, A NEVADA
CORPORATION; AND ZIONS FIRST
NATIONAL BANK,
Respondents.

No. 78795

**FILED**

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in a real property action. Seventh Judicial District Court, Lincoln County; Steve L. Dobrescu, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court correctly granted summary judgment for respondent H.H. Land & Cattle Company, as there is no genuine issue of material fact regarding whether H.H. Land is authorized to foreclose. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment and recognizing that summary judgment is proper when no genuine issue of material fact exists). In particular, H.H. Land produced uncontroverted evidence that it was in possession of the original 2010 Change in Terms Agreement, which appellant acknowledged had superseded all prior

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

promissory notes. Although appellant contends that there is no endorsement of that Agreement, H.H. Land is still entitled to enforce that Agreement as a transferee. *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 255 P.3d 1275, 1281 (2011) ("If a party cannot attain 'holder' status by showing a valid negotiation, the party may establish its right to enforce the note by showing that the note has been validly transferred."). In this respect, H.H. Land proved its right to enforce the Agreement by virtue of producing the documents reflecting the 2013 loan sale from Zions First National Bank to H.H. Land *and* by producing an affidavit from Zions' senior vice president disclaiming any interest in the loan. *See id.* ("[B]ecause the party seeking to enforce the note cannot 'prove' its right to enforce through the use of a valid endorsement, the party must 'prove' by some other means that it was given possession of the note for the purpose of enforcing it."). Accordingly, we affirm the district court's summary judgment order insofar as it concluded that H.H. Land had authority to foreclose on the deed of trust.

Appellant also contends that the district court erroneously denied appellant's objection to First American Title Insurance Company's declaration of nonmonetary status. We perceive no reversible error in this determination given that NRS 107.029(5) still required First American to participate in discovery and be bound by any court order relating to the deed of trust. Finally, appellant contends that this court should impose a duty on First American to sell the secured property parcel by parcel instead of as a unified sale. We decline to impose such a duty in this case given that appellant, in the deed of trust, granted First American the right to choose how the property would be sold. *See* 2 Baxter Dunaway, The Law of Distressed Real Estate, § 17:10 (2020) ("[I]f the deed of trust or mortgage

being foreclosed has instructions regarding the manner of sale, this contractual agreement should be followed."); *cf. Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (recognizing that this court enforces valid contracts "as written"). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Steve L. Dobrescu, District Judge
        Eleissa C. Lavelle, Settlement Judge
        Allison MacKenzie, Ltd.
        Maurice Wood
        Smith Larsen & Wixom
        Lincoln County Clerk